J-S26043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS JOSEPH PARIS | : | |
| | : | |
| Appellant | : | No. 336 MDA 2024 |

Appeal from the PCRA Order Entered February 6, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000676-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS JOSEPH PARIS | : | |
| | : | |
| Appellant | : | No. 337 MDA 2024 |

Appeal from the PCRA Order Entered January 8, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000275-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS J. PARIS | : | |
| | : | |
| Appellant | : | No. 338 MDA 2024 |

Appeal from the PCRA Order Entered March 5, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000950-2015

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 26, 2024**

In these appeals, Thomas J. Paris challenges the court's orders denying, as untimely, his serial petitions filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

These appeals involve three different dockets. At No. 950-2015, Paris entered an open guilty plea in January 2016 to one count of receiving stolen property. On March 22, 2016, the trial court sentenced Paris to a 23-month probationary term. Paris did not file a post-sentence motion or a direct appeal.

On February 23, 2018, the Commonwealth filed a motion to revoke Paris' probation after police arrested Paris for two new criminal episodes (Nos. 275-18 and 676-18). On March 20, 2018, Paris stipulated to the violations. The trial court thereafter revoked Paris' probation and imposed a term of two years of imprisonment, with 31 days of credit for time served. Paris did not file a post-sentence motion or a direct appeal.

On May 15, 2019, Paris filed his first *pro se* PCRA petition, counsel was appointed, and the PCRA court denied relief on May 22, 2019. Paris did not appeal. Paris filed a second *pro se* petition on June 17, 2019. By order entered June 21, 2019, the PCRA court concluded that it lacked jurisdiction to consider Paris' untimely petition and denied relief. Paris appealed. On January 28, 2020, this Court agreed that Paris' second PCRA petition was untimely and that Paris failed to prove any exception to the PCRA's time bar. We therefore affirmed the PCRA court's order denying Paris post-conviction relief.

*Commonwealth v. Paris*, 226 A.3d 660 (Pa. Super. 2020) (non-precedential decision).

Paris filed a third *pro se* PCRA petition on January 4, 2022. Once again, the PCRA court dismissed this petition as untimely. Paris appealed. On December 20, 2022, this Court agreed that Paris' third PCRA petition was untimely filed and therefore affirmed the order denying him post-conviction relief. *Commonwealth v. Paris*, 290 A.3d 694 (Pa. Super. 2022) (non-precedential decision). In addition, we noted that, because Paris admitted his sentence for the crime at issue ended on February 18, 2020, he was no longer eligible for post-conviction relief. *See id.*

On December 12, 2023, Paris filed the *pro se* PCRA petition at issue, his fourth at this docket. After providing proper Pa.R.Crim.P. 907 notice, the PCRA court dismissed Paris' petition by order entered March 5, 2024.[1] This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Regarding the other two dockets, at No. 676-18, Paris entered an open guilty plea to burglary on November 28, 2018, and the trial court sentenced him to a term of two to four years of imprisonment. That same day, at No. 275-18, Paris entered a guilty plea to theft and the trial court sentenced him

---

[1] Paris actually appealed after the PCRA court entered its Rule 907 Notice but before the court entered the final order denying post-conviction relief. Appeal lies from the final order. We have adjusted the caption accordingly. *See* Pa.R.A.P. 905(a)(5).

to a term of one to two years of imprisonment. This sentence was to commence at the expiration of the sentence imposed at No. 676-18.

Paris did not file a direct appeal at either docket. However, on November 4, 2021, Paris filed a *pro se* PCRA at both dockets, and the PCRA court appointed counsel. After holding an evidentiary hearing, the PCRA court denied the petition on December 8, 2021. Paris appealed at each docket. On September 14, 2022, this Court concluded that Paris' petition was untimely filed and Paris did not plead and prove an exception to the PCRA's time bar. ***Commonwealth v. Paris***, 285 A.3d 930 (Pa. Super. 2022) (non-precedential decision).

On December 12, 2023, Paris filed the *pro se* PCRA petition at issue, his second at these two dockets. For reasons unclear from the record, each docket was assigned to a different judge. At both dockets the PCRA courts issued a Rule 907 notice of its intent to dismiss the 2023 petition without a hearing because it was untimely filed. By order entered January 8, 2024, the PCRA court at No. 275-18 dismissed Paris' petition. By order entered February 6, 2024, the PCRA court at No. 676-18 dismissed Paris' petition. Although both PCRA courts directed Paris to file a Rule 1925(b) statement of matters complained of on appeal, Paris did not do so.

Paris filed a timely appeal at all three dockets and, thereafter, he filed three separate briefs. The Commonwealth did not file a brief at any of the dockets. On June 11, 2024, we consolidated Paris' appeals for disposition.

Each brief filed by Paris fails to substantially comply with the briefing requirements of Pa.R.A.P. 2111, and these deficiencies impede effective appellate review. We could dismiss these appeals on that basis alone. *See generally*, *Commonwealth v. Freeland*, 106 A.3d 768 (Pa. Super. 2014). Nonetheless, as explained below, because the 2023 PCRA petition was untimely filed at each docket, we affirm the PCRA courts' orders denying post-conviction relief.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be

filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, at No. 950-15, Paris' judgment of sentence became final on April 19, 2018, thirty days after the time for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Paris had until April 22, 2019, to file a timely PCRA petition.[2] Because Paris filed the petition at issue in December 2023, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Paris did not plead and prove a time-exception at this docket. In addition, we reiterate this Court's prior finding that Paris is ineligible for relief under the PCRA because he is no longer serving his revocation sentence.

Paris' judgment of sentence at both No. 275-18 and No. 676-18 became final on December 28, 2018, thirty days after the time for filing a direct appeal expired. ***See*** Section 9545(b)(3), ***supra***. Therefore, Paris had until

---

[2] His calculation excludes the weekend and the Good Friday holiday. ***See generally***, 1 Pa.C.S.A. § 1908.

December 30, 2019, to file a timely PCRA petition.[3]  Because Paris filed the petitions at issue in December 2023, they are untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  **See Hernandez**, **supra**.  Paris failed to do so at either docket.

In sum, Paris' PCRA petitions at all three dockets were untimely filed, and he failed to plead and prove a time-bar exception.  Thus, the PCRA courts lacked jurisdiction to consider the merits of Paris' 2023 petitions.  We therefore affirm the orders denying Paris post-conviction relief.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/26/2024

---

[3] The thirtieth day fell on a Saturday.  **See** Section 1908, **supra**.